WO                                                                                                          MD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Jay Crowley,<br><br>        Plaintiff,<br><br>vs.<br><br>Apache Junction Police Chief, et al.,<br><br>        Defendants. | No.  CV 14-00166-PHX-SPL (MHB)<br><br>**ORDER** |

       On January 28, 2014, Plaintiff Robert Jay Crowley, who was confined in the Pinal County Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*. In a January 31, 2014 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*. On February 11, 2014, Plaintiff filed a new Application to Proceed *In Forma Pauperis*. In an April 21, 2014 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*. On May 8, 2014, Plaintiff filed another Application to Proceed *In Forma Pauperis*. On June 2, 2014, Plaintiff filed a Notice of Change of Address, indicating that he was no longer in custody. In a June 6, 2014 Order, the Court granted the Application to Proceed and required Plaintiff to either pay the filing fee or show good cause why he cannot pay. On July 3, 2014, Plaintiff paid the filing fee.

JDDL-K

The Court will dismiss the Complaint with leave to amend.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**II.     Complaint**

In his eight-count Complaint, Plaintiff sues Apache Junction Police Detectives Jason Riggs #222 and Chacom #145, the Apache Junction Police Chief, and Pinal County Sheriff Paul Babeu.  Plaintiff seeks damages.

In Count One, Plaintiff alleges that his Fourth Amendment rights were violated and alleges the following facts:  On or about June 6, 2013, around 1:30 p.m., Defendants Riggs and Chacom stopped Plaintiff in his 1966 Chevy Truck, Arizona license plate number HVRT67, and arrested Plaintiff for dangerous drug sales.  A search warrant to search Plaintiff's 2002 Chevy Truck, Arizona license plate numberAJX9166, was reportedly executed at 3:15 p.m., although there is no time stamp on the face of that search warrant, and search warrant number SW-2013-0016 "has failed to be public information."  Plaintiff contends there was no probable cause.

In Count Two, Plaintiff alleges that his Fourth and Fifth Amendment rights were violated on or about June 6, 2013 by an "illegal unvalid execution of a search warrant."  As a result, Plaintiff alleges that he lost his home and all the property inside due to a burglary.  Property was "unsecured by AJPD Detectives & officers.  Warrant not properly served (executed).  Property not named in search warrant."

In Count Three, Plaintiff alleges that his Fourth and Fifth Amendment rights were violated on or about June 6, 2013 when he lost his "business & livel[i]hood; not named in search warrant by Apache Junction Police Department."

1    In Count Four, Plaintiff alleges that his Fourth and Fifth Amendment rights were violated on or about June 6, 2013 when he lost his 1966 Chevy truck with Arizona license plate number HVRT67 "not named in search warrant due to theft & unsecured by AJPD."

In Count Five, Plaintiff alleges that his Fourth and Fifth Amendment rights were violated on or about June 6, 2013 when he lost his 2002 Harley Davidson Night Train "not named in search warrant due to theft unsecured by AJPD."

In Count Six, Plaintiff alleges that his Fourth and Fifth Amendment rights were violated on or about June 6, 2013 when he lost his 1991 International Harvester Hydrotilt Truck "not named in search warrant due to theft unsecured by AJPD."

In Count Seven, Plaintiff alleges that his Fourth and Fifth Amendment rights were violated on or about June 6, 2013 when he lost $100,000 "worth of equipment & tools not named on said search warrant due to theft of unsecured property by AJPD."

In Count Eight, Plaintiff alleges that his Fourteenth Amendment rights were violated, that he has lost equal protection under the law, and "unlawful imprisonment & detainment" by Defendant Babeu.  Plaintiff further alleges that he has been denied his civil right "guilty till innocent" and was "not allowed to file charges against the people who[] stole from [him] as a result of AJPD's action of failure to protect [his] right & property."

## III.    Failure to State a Claim

To prevail in a 42 U.S.C. § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   Apache Junction Police Chief

Plaintiff names the Apache Junction Police Chief as a Defendant. While the Apache Junction Police Chief may be sued under § 1983, Plaintiff fails to state a claim against him or her.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under §1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Plaintiff fails to allege *any* facts against the Apache Junction Police Chief. Plaintiff does not allege that the Apache Junction Police Chief violated his constitutional rights, nor does he allege facts to support that Plaintiff's rights were violated as a result of a policy, custom, or practice promulgated, endorsed, or condoned by the Apache Junction Police Chief. Accordingly, Plaintiff fails to state a claim against the Apache Junction Police Chief and the Apache Junction Police Chief will be dismissed.

### B.   Babeu

Plaintiff also fails to state a claim against Defendant Babeu. Plaintiff makes one conclusory allegation in Count Eight that he has "lost equal protection under the law & unlawful imprisonment & detainment by Sheriff Paul Babeu." It is not clear if Plaintiff's claim against Babeu is based on a theory of *respondeat superior* or if Plaintiff is alleging that Babeu personally imprisoned and detained him. As noted, there is no *respondeat*

1  *superior* liability under §1983.  Therefore, if Plaintiff's claim is that Babeu supervised
2  someone who allegedly violated Plaintiff's constitutional rights, then that claim fails.  In
3  addition, Plaintiff has presented no facts supporting that Babeu actually participated in or
4  directed any alleged violations, or knew of the violations and failed to act to prevent
5  them.  Finally, Plaintiff does not allege facts to support that Plaintiff's rights were
6  violated as a result of a policy, custom, or practice promulgated, endorsed, or condoned
7  by Babeu.  Accordingly, Defendant Babeu will be dismissed.

8      **C.**    **Count One**

9      Plaintiff alleges in Count One that he was arrested by Defendants Riggs and
10 Chacom and deprived of his freedom and liberty.  To establish that he was wrongly
11 arrested in violation of the Fourth Amendment, Plaintiff must show that Defendants made
12 the arrest without probable cause.  *Dubner v. City & County of S.F.*, 266 F.3d 959, 964
13 (9th Cir. 2001).  To determine whether arresting officers had probable cause at the time
14 of a warrantless arrest, the Court considers "whether at that moment the facts and
15 circumstances within [the officers'] knowledge . . . were sufficient to warrant a prudent
16 man in believing that the petitioner had committed or was committing an offense."
17 *Edgerly v. City & County of San Francisco*, 495 F.3d 645, 651 (9th Cir. 2007).
18 "Probable cause supports an arrest so long as the arresting officers had probable cause to
19 arrest the suspect for any criminal offense, regardless of their stated reason for the arrest."
20 *Id.* at 651-52.

21     Plaintiff has not alleged facts sufficient to demonstrate that he was arrested
22 without probable cause.  Plaintiff makes one conclusory assertion in Count One regarding
23 probable cause, and the Court cannot tell if Plaintiff's assertion, "without probal [sic]
24 cause," refers to his arrest or the search warrant.  Regardless, a mere conclusory assertion
25 that officers lacked probable cause is insufficient to state a claim, and Count One and
26 Defendants Riggs and Chacom will be dismissed.

27 . . . .
28 . . . .

### D.     Counts Two through Seven

In Counts Two through Seven, Plaintiff alleges that he lost his home and all the property inside his home (Count Two), his business and livelihood (Count Three), a 1966 Chevy truck (Count Four), a 2002 Harley Davidson Night Train (Count Five), a 1991 International Harvester Hydrotilt truck (Count Six), and $100,000 worth of equipment and tools (Count Seven).  In each of those counts, Plaintiff alleges that the property was not named in a search warrant.  In all but Count Three, Plaintiff appears to allege that his property was stolen because it was unsecured either by "AJPD detectives & officers" (Count Two) or simply by the "AJPD" (Counts Four, Five, Six, and Seven).

In addition to failing to name an identifiable defendant responsible for the alleged deprivations of property, Plaintiff fails to state a claim in Counts Two, Four, Five, Six and Seven because he has an adequate post-deprivation remedy in state court.  In *Parratt v. Taylor*, the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, as long as the state makes available a meaningful post-deprivation remedy.  451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  The rationale underlying *Parratt* is that *pre*-deprivation procedures are impractical when the deprivation of property occurs through negligent conduct of a state employee because a state cannot know when such deprivations will occur.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Moreover, "[w]here a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'"  *Daniels*, 474 U.S. at 333 (quoting *Parratt*, 451 U.S. at 548) (emphasis added).

The logic of *Parratt* has been extended to intentional unauthorized deprivations of property by state actors because a state also cannot know when such deprivations will occur.  *Hudson*, 468 U.S. at 533.  As with negligent deprivations, where a state makes available a meaningful *post*-deprivation remedy, such as a common-law tort suit for intentional unauthorized deprivations, a federal due process claim is precluded.  *Hudson*, 468 U.S. at 534-35; *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).

JDDL-K

- 7 -

1        In this case, Plaintiff fails to state a claim because he has an available adequate post-deprivation remedy in Arizona state courts. *See Howland v. State*, 818 P.2d 1169, 1172-73 (Ariz. App. 1991) (the prisoner failed to state a due process claim where Arizona law provided an available state tort remedy to recover the value of his property). Thus, Plaintiff has failed to state a § 1983 claim regarding the loss of his property and Counts Two, Four, Five, Six and Seven, and those Counts will be dismissed.

As to Count Three, although Plaintiff claims that he lost his livelihood and business, it is not clear from Plaintiff's cursory allegation what happened to cause him to lose his business and livelihood. Moreover, if Plaintiff were able to prevail on a claim such as wrongful arrest and imprisonment, and if the loss of Plaintiff's business and livelihood were a result of that wrongful arrest and imprisonment, then the loss of Plaintiff's business and livelihood would be an element of Plaintiff's damage claim and not a separate constitutional violation. Accordingly, Count Three is dismissed.

### E.  Count Eight

Plaintiff's allegations in Count Eight are mostly unintelligible. He purports to bring a Fourteenth Amendment claim and states that he has lost "equal protection under the law," was unlawfully imprisoned and detained by Defendant Babeu, has been denied his "civil right guilty till innocent," and was "not allowed to file charges against the people" who stole from him.

Aside from the allegation that Defendant Babeu unlawfully imprisoned and detained him, Plaintiff fails to state who specifically denied him equal protection, his civil rights, or prevented him from filing charges. Moreover, Plaintiff's vague and conclusory allegations fail to support an equal protection, or any other, claim. Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* Accordingly, Count Eight will be dismissed.

In addition, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged he is a member of a protected class.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, Plaintiff has failed to state a claim. Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently.

### IV.  Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo,* 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

1 injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
2 failure to state a claim.  **Conclusory allegations that a Defendant or group of**
3 **Defendants has violated a constitutional right are not acceptable and will be**
4 **dismissed**.

5 Plaintiff must clearly designate on the face of the document that it is the "First
6 Amended Complaint."  The first amended complaint must be retyped or rewritten in its
7 entirety on the court-approved form and may not incorporate any part of the original
8 Complaint by reference.  Plaintiff may include only one claim per count.

9 A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*,
10 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896
11 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original
12 complaint as nonexistent. *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised
13 in the original complaint and that was voluntarily dismissed or was dismissed without
14 prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa*
15 *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

16 **V.     Warnings**
17      **A.     Address Changes**
18 Plaintiff must file and serve a notice of a change of address in accordance with
19 Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion
20 for other relief with a notice of change of address.  Failure to comply may result in
21 dismissal of this action.

22      **B.     Copies**
23 Plaintiff must submit an additional copy of every filing for use by the Court. *See*
24 LRCiv 5.4.  Failure to comply may result in the filing being stricken without further
25 notice to Plaintiff.

26      **C.     Possible Dismissal**
27 If Plaintiff fails to timely comply with every provision of this Order, including
28 these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963

JDDL-K

- 10 -

1  F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any
2  order of the Court).

3  **IT IS ORDERED:**

4  (1) The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff
5  has **30 days** from the date this Order is filed to file a first amended complaint in
6  compliance with this Order.

7  (2) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
8  Court must, without further notice, enter a judgment of dismissal of this action with
9  prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

10  (3) The Clerk of Court must mail Plaintiff a court-approved form for filing a
11  civil rights complaint by a prisoner.

12  Dated this 11th day of July, 2014.

Honorable Steven P. Logan
United States District Judge